**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A., §<br><br>Plaintiffs, §<br><br>v. §<br><br>AOL INC., §<br><br>Defendant. § | Civil Action No. 2:16-cv-722<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, AOL Inc. ("AOL"), allege as follows:

### THE PARTIES

1.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.      Uniloc Luxembourg owns a number of patents in the field of text/voice instant messaging.

4.      Upon information and belief, AOL is a Delaware corporation having a principal place of business in New York, New York.  AOL may be served with process through its

registered agent for service of process in Texas: Corporation Service Company d/b/a CSC-Lawyers Inc., 211 E. 7th St., Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

5.      Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

**6.**      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, AOL is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

**7.**      AOL is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,724,622)

8.      Uniloc incorporates paragraphs 1-7 above by reference.

9.      Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,724,622 ("the '622 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 13, 2014.  A true and correct copy of the '622 Patent is attached as Exhibit A hereto.

10.     Uniloc USA is the exclusive licensee of the '622 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11.     Upon information and belief, the following identifies, at least in part, AOL's Instant Messenger (AIM") application:



12.     Upon information and belief, the following identifies, at least in part, the AIM application:



13.   Upon information and belief, the following describes, at least in part, how AIM works:



14.   Upon information and belief, the following describes, at least in part, how AIM works:



15.     Upon information and belief, the following describes, at least in part, how AIM works:





16.     Upon information and belief, the following describes, at least in part, how AIM works:



17.     Upon information and belief, the following describes, at least in part, how AIM works:



18.     Upon information and belief, the following describes, at least in part, how AIM works:





19.     AOL has directly infringed, and continues to directly infringe one or more claims of the '622 Patent in this judicial district and elsewhere in Texas, including at least claims 3, 4, 6-8, 10-19, 21-23 and, 38-39 literally and/or under the doctrine of equivalents, by or through

making, using, importing, offering for sale and/or selling the AIM application for/on mobile and desktop devices during the pendency of the '622 Patent which software and associated AOL servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein digitized audio files are transmitted between a plurality of recipients on a packet switched network and a list of one or more currently potential recipients is displayed on the device.

20.     In addition, should the AIM system be found to not literally infringe the asserted claims of the '622 Patent, the AIM system would nevertheless infringe the asserted claims of the '622 Patent.   More specifically, the accused AIM system performs substantially the same function (instant voice messaging), in substantially the same way (via a digitized audio files in a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients).   AOL would thus be liable for direct infringement under the doctrine of equivalents.

21.     AOL has indirectly infringed and continues to indirectly infringe at least claims 3-4, 6-8, 10-19, 21-23 and 38-39 of the '622 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the AIM application.   AOL's customers who purchase the AIM application and operate such application in accordance with AOL's instructions directly infringe one or more of the forgoing claims of the '622 Patent in violation of 35 U.S.C. § 271.   AOL instructs its customers through training videos, demonstrations, brochures, installation and user guides, such as those located at the following:

www.aol.com

https://help.aol.com

https://discover.aol.com

AOL is thereby liable for infringement of the '622 Patent under 35 U.S.C. § 271(b).

22.     AOL has indirectly infringed and continues to indirectly infringe at least claims 3-4, 6-8, 10-19, 21-23 and 38-39 of the '622 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the AIM application, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '622 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

23.     For example, the AIM application is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the AIM application is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  AOL is, therefore, liable for infringement under 35 U.S.C. § 271(c).

24.     AOL will have been on notice of the '622 Patent since, at the latest, the service of this complaint upon AOL.  By the time of trial, AOL will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 3-4, 6-8, 10-19, 21-23 and 38-39 of the '622 Patent.

25.     AOL may have infringed the '622 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the AIM application. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

26.     Uniloc has been damaged, reparably and irreparably, by AOL's infringement of the '622 Patent and such damage will continue unless and until AOL is enjoined.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 8,995,433)

27.     Uniloc incorporates paragraphs 1-26 above by reference.

28.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,995,433 ("the '433 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on March 31, 2015.  A true and correct copy of the '433 Patent is attached as Exhibit B hereto.

29.     Uniloc USA is the exclusive licensee of the '433 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

30.     AOL has directly infringed, and continues to directly infringe one or more claims of the '433 Patent in this judicial district and elsewhere in Texas, including at least claims 1-5, 7-12, 14-17 and 25-27 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the AIM application for/on mobile and desktop devices during the pendency of the '433 Patent which software and associated AOL servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein a list of one or more potential recipients is displayed on the device, the instant messages are temporarily stored using a unique identifier, and a file manager stores, retrieves and/or deletes the messages in response to the users request.

31.     In addition, should the AIM system be found to not literally infringe the asserted claims of the '433 Patent, the AIM system would nevertheless infringe the asserted claims of the

'433 Patent.   More specifically, the accused AIM system performs substantially the same function (instant voice messaging), in substantially the same way (identifying potentially available recipients, storing messages using unique identifiers and a file manager for storing, retrieving and/or deleting the messages), to yield substantially the same result (delivering voice messages to available intended recipients and wherein the messages may be stored, retrieved and/or deleted).   AOL would thus be liable for direct infringement under the doctrine of equivalents.

32.     AOL has indirectly infringed and continues to indirectly infringe at least claims 1-5, 7-12, 14-17 and 25-27 of the '433 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the AIM application.   AOL's customers who purchase the AIM application and operate such application in accordance with AOL's instructions directly infringe one or more of the forgoing claims of the '433 Patent in violation of 35 U.S.C. § 271.   AOL instructs its customers through training videos, demonstrations, brochures, installation and user guides, such as those located at the following:

www.aol.com

https://help.aol.com

https://discover.aol.com

AOL is thereby liable for infringement of the '433 Patent under 35 U.S.C. § 271(b).

33.     AOL has indirectly infringed and continues to indirectly infringe at least claims 1-5, 7-12, 14-17 and 25-27 of the '433 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the AIM application, by making, offering to sell, selling

and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '433 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

34.     For example, the AIM application is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the AIM application is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  AOL is, therefore, liable for infringement under 35 U.S.C. § 271(c).

35.     AOL will have been on notice of the '433 Patent since, at the latest, the service of this complaint upon AOL.  By the time of trial, AOL will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-5, 7-12, 14-17 and 25-27 of the '433 Patent.

36.     AOL may have infringed the '433 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the AIM application. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

37.     Uniloc has been damaged, reparably and irreparably, by AOL's infringement of the '433 Patent and such damage will continue unless and until AOL is enjoined.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 7,535,890)

38.     Uniloc incorporates paragraphs 1-37 above by reference.

39.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,535,890 ("the '890 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING

that issued on May 19, 2009.  A true and correct copy of the '890 Patent is attached as Exhibit C hereto.

40.     Uniloc USA is the exclusive licensee of the '890 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

41.     AOL has directly infringed, and continues to directly infringe one or more claims of the '890 Patent in this judicial district and elsewhere in Texas, including at least claims 1-6, 9, 14-15, 17-20, 23, 28-29, 31-34, 37, 40-43, 46, 51-54, 57, 62-65 and 68-69 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the AIM application for/on mobile and desktop devices during the pendency of the '890 Patent which software and associated AOL servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant messages are temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intend recipient becomes available.

42.     In addition, should the AIM system be found to not literally infringe the asserted claims of the '890 Patent, the AIM system would nevertheless infringe the asserted claims of the '890 Patent.  More specifically, the accused AIM system performs substantially the same function (instant voice messaging), in substantially the same way (via a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients).  AOL would thus be liable for direct infringement under the doctrine of equivalents.

43.     AOL has indirectly infringed and continues to indirectly infringe at least claims 1-6, 9, 14-15, 17-20, 23, 28-29, 31-34, 37, 40-43, 46, 51-54, 57, 62-65 and 68-69 of the '890 Patent

in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the AIM application.  AOL's customers who purchase the AIM application and operate such application in accordance with AOL's instructions directly infringe one or more of the forgoing claims of the '890 Patent in violation of 35 U.S.C. § 271.  AOL instructs its customers through training videos, demonstrations, brochures, installation and user guides, such as those located at the following:

www.aol.com

https://help.aol.com

https://discover.aol.com

AOL is thereby liable for infringement of the '890 Patent under 35 U.S.C. § 271(b).

44.    AOL has indirectly infringed and continues to indirectly infringe at least claims 1-6, 9, 14-15, 17-20, 23, 28-29, 31-34, 37, 40-43, 46, 51-54, 57, 62-65 and 68-69 of the '890 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the AIM application, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '890 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

45.    For example, the AIM application is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the AIM application is a material part of the claimed inventions and upon

information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  AOL is, therefore, liable for infringement under 35 U.S.C. § 271(c).

46.     AOL will have been on notice of the '890 Patent since, at the latest, the service of this complaint upon AOL.  By the time of trial, AOL will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-6, 9, 14-15, 17-20, 23, 28-29, 31-34, 37, 40-43, 46, 51-54, 57, 62-65 and 68-69 of the '890 Patent.

47.     AOL may have infringed the '890 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the AIM application. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

48.     Uniloc has been damaged, reparably and irreparably, by AOL's infringement of the '890 Patent and such damage will continue unless and until AOL is enjoined.

### COUNT IV
(INFRINGEMENT OF U.S. PATENT NO. 8,199,747)

49.     Uniloc incorporates paragraphs 1-48 above by reference.

50.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,199,747 ("the '747 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on June 12, 2012.  A true and correct copy of the '747 Patent is attached as Exhibit D hereto.

51.     Uniloc USA is the exclusive licensee of the '747 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

52.     AOL has directly infringed, and continues to directly infringe one or more claims of the '747 Patent in this judicial district and elsewhere in Texas, including at least claims 1-3

and 12-14 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the AIM application for/on mobile and desktop devices during the pendency of the '747 Patent which software and associated AOL servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant message audio file is generated and one or more files attached thereto and transmitting the files to available recipients and temporarily storing the message if an intended recipient is unavailable and thereafter delivered once the intend recipient becomes available.

53.    In addition, should the AIM system be found to not literally infringe the asserted claims of the '747 Patent, the AIM system would nevertheless infringe the asserted claims of the '747 Patent.    More specifically, the accused AIM system performs substantially the same function (instant voice messaging), in substantially the same way (recording and transmitting a message to be audibly played by one or more recipients and temporarily storing messages for a recipient who is unavailable), to yield substantially the same result (delivering voice messages with attached file(s) to available intended recipients).    AOL would thus be liable for direct infringement under the doctrine of equivalents.

54.    AOL has indirectly infringed and continues to indirectly infringe at least claims 1-3 and 12-14 of the '747 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the AIM application.    AOL's customers who purchase the AIM application and operate such application in accordance with AOL's instructions directly infringe one or more of the forgoing claims of the '747 Patent in violation of 35 U.S.C. § 271.    AOL instructs its customers through training videos, demonstrations, brochures, installation and user guides, such as those located at the following:

www.aol.com

https://help.aol.com

https://discover.aol.com

AOL is thereby liable for infringement of the '747 Patent under 35 U.S.C. § 271(b).

55.     AOL has indirectly infringed and continues to indirectly infringe at least claims 1-3 and 12-14 of the '747 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the AIM application, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '747 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

56.     For example, the AIM application is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the AIM application is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  AOL is, therefore, liable for infringement under 35 U.S.C. § 271(c).

57.     AOL will have been on notice of the '747 Patent since, at the latest, the service of this complaint upon AOL.  By the time of trial, AOL will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-3 and 12-14 of the '747 Patent.

58.     AOL may have infringed the '747 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the AIM application. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

59.     Uniloc has been damaged, reparably and irreparably, by AOL's infringement of the '747 Patent and such damage will continue unless and until AOL is enjoined.

### COUNT V
(INFRINGEMENT OF U.S. PATENT NO. 8,243,723)

60.     Uniloc incorporates paragraphs 1-59 above by reference.

61.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,243,723 ("the '723 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on August 14, 2012.  A true and correct copy of the '723 Patent is attached as Exhibit E hereto.

62.     Uniloc USA is the exclusive licensee of the '723 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

63.     AOL has directly infringed, and continues to directly infringe one or more claims of the '723 Patent in this judicial district and elsewhere in Texas, including at least claims 1-3 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the AIM application for/on mobile and desktop devices during the pendency of the '723 Patent which software and associated AOL servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the availability of the recipients' nodes is monitored, recorded and displayed and the instant message(s) are temporarily stored if an

intended message recipient is unavailable and thereafter delivered once the intend recipient becomes available.

64. In addition, should the AIM system be found to not literally infringe the asserted claims of the '723 Patent, the AIM system would nevertheless infringe the asserted claims of the '723 Patent. More specifically, the accused AIM system performs substantially the same function (instant voice messaging), in substantially the same way (monitoring, recording and displaying recipients' availability), to yield substantially the same result (delivering voice messages to available intended recipients and storing messages for unavailable recipients until they become available). AOL would thus be liable for direct infringement under the doctrine of equivalents.

65. AOL has indirectly infringed and continues to indirectly infringe at least claims 1-3 of the '723 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the AIM application. AOL's customers who purchase the AIM application and operate such application in accordance with AOL's instructions directly infringe one or more of the forgoing claims of the '723 Patent in violation of 35 U.S.C. § 271. AOL instructs its customers through training videos, demonstrations, brochures, installation and user guides, such as those located at the following:

www.aol.com

https://help.aol.com

https://discover.aol.com

AOL is thereby liable for infringement of the '723 Patent under 35 U.S.C. § 271(b).

66. AOL has indirectly infringed and continues to indirectly infringe at least claims 1-3 of the '723 Patent in this judicial district and elsewhere in the United States by, among other

things, contributing to the direct infringement by others including, without limitation customers using the AIM application, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '723 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

67.     For example, the AIM application is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the AIM application is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  AOL is, therefore, liable for infringement under 35 U.S.C. § 271(c).

68.     AOL will have been on notice of the '723 Patent since, at the latest, the service of this complaint upon AOL.  By the time of trial, AOL will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-3 of the '723 Patent.

69.     AOL may have infringed the '723 Patent through other software utilizing the same or reasonably similar functionality, including other versions of it's the AIM application. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

70.     Uniloc has been damaged, reparably and irreparably, by AOL's infringement of the '723 Patent and such damage will continue unless and until AOL is enjoined.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against AOL as follows:

(A)     that AOL has infringed the '622 Patent, '433 Patent, '890 Patent, '747 Patent and the '723 Patent;

(B)     awarding Uniloc its damages suffered as a result of AOL's infringement of the '622 Patent, '433 Patent, '890 Patent, '747 Patent and the '723 Patent pursuant to 35 U.S.C. § 284;

(C)     enjoining AOL, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '622 Patent, '433 Patent, '890 Patent, '747 Patent and the '723 Patent pursuant to 35 U.S.C. § 283;

(D)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)     granting Uniloc such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: July 5, 2016                         Respectfully submitted,


                                            */s/ Craig Tadlock*
                                            Craig Tadlock
                                            Texas State Bar No. 00791766
                                            Keith Smiley
                                            Texas State Bar No. 24067869
                                            **TADLOCK LAW FIRM PLLC**
                                            2701 Dallas Parkway, Suite 360
                                            Plano, TX 75093
                                            Tel: (903) 730-6789
                                            Email: craig@tadlocklawfirm.com
                                            Email: keith@tadlocklawfirm.com

                                            Paul J. Hayes
                                            Kevin Gannon
                                            **CESARI AND MCKENNA, LLP**
                                            88 Black Falcon Ave
                                            Suite 271
                                            Boston, MA 02110
                                            Telephone: (617) 951-2500
                                            Facsimile: (617) 951-3927
                                            Email: pjh@c-m.com
                                            Email: kgannon@c-m.com

                                            **ATTORNEYS FOR THE PLAINTIFFS**